HALL, Judge.
Plaintiff, Tony L. Richard, appeals from rejection of his demand against the City of Shreveport for damages sustained when he lost control of his motorcycle allegedly because of the presence of transmission fluid left on the street by a city policeman after the policeman had car trouble.
The issue on appeal is whether .the trial court manifestly erred in finding plaintiff failed to prove the accident was caused by the presence of the slick oily substance on the street.
Plaintiff, Richard, and a passenger, Benny Lynn Bowden, were riding plaintiff’s motorcycle south on the two-lane portion of Jewella Avenue in the City of Shreveport when the motorcycle suddenly skidded out of control at a point just prior to where the two-lane blacktop portion of the street widens to a four-lane concrete street. Plaintiff suffered serious injuries. Plaintiff and his guest passenger were the only eyewitnesses to the accident.
Approximately 30 to 45 minutes prior to the accident a police car driven by Sergeant Edward H. Power of the Shreveport City Police lost its drive shaft and dumped a quantity of transmission fluid onto the blacktop in the area where plaintiff lost control of his motorcycle. Sergeant Power testified he requested a sand truck to clean up the fluid but this was not done prior to the accident. He also stated that while waiting to be taken back to the police station he watched ears driving over the spill and spreading it out or dissipating it over the road surface.
Power, who investigated the motorcycle accident, testified there was loose gravel on the roadside and tire tracks indicating the motorcycle traveled through that area. The City postulates the loose gravel and excessive speed caused the plaintiff to lose control. Plaintiff testified he was driving in the right lane near the center of the street within the posted speed limit of 35 miles per hour.
Plaintiff called two experienced motorcyclists who testified that oil or grease slicks are of particular danger to motorcyclists because the rear wheel does the pulling on a motorcycle. Their testimony describing the reaction of a motorcycle when going over a grease or oil spill corroborates the testimony of Richard and Bowden as to the way the accident actually happened.
Bowden testified he went back to the scene of the accident a couple of hours later and saw a dark area where the transmission fluid had been. Plaintiff testified he saw an oily substance on his tire a week or so after the accident.
The entire case rests on reconstruction of what was the probable cause of the accident based upon circumstantial evidence.
The trial judge found as a fact that the fluid spill had been dissipated sufficiently by the passage of cars during the 30 or 40 minute interval to render the spill no longer hazardous and that plaintiff failed to prove that he lost control of his motorcycle at the point where the fluid spill occurred. He determinéd that the motorcycle accident was caused by plaintiff’s own negligence in losing control of his motorcycle rather than the presence on the street of transmission fluid from one of defendant’s police cars.
In spite of strong arguments by the plaintiff to the contrary and although reasonable minds could differ as to the cause of the accident, there is sufficient evidence to furnish a reasonable factual basis for the *1090 trial court’s findings. Canter v. Koehring, 283 So.2d 716 (La.1973). The judgment is affirmed at appellant’s costs.
Affirmed.